## MURPHY et al. VS. HARBISON.

1. TAXES: *Jurisdiction of county court to levy school tax.*
   The county court is required to levy such taxes for school purposes as are voted by the electors of the district for which the tax is levied, or recommended by the trustee; and in the absence of such vote or recommendation, is without jurisdiction to levy a school tax.

2. —— *The rate of, for school districts unlimited.*
   The common school act of 1868 contained no limitation upon the amount of taxes that might be voted by the electors of the school districts, or levied by the county court, for school purposes.

3. INJUNCTION: *Denied when there is a legal remedy.*
   Where it appeared that there was an adequate remedy at law, and no facts were alleged to bring the case within any of the established heads of equity jurisdiction, a demurrer was properly sustained to a bill for an injunction.

4. STATUTE: *Effect of on a prior ruling of the circuit court.*
   After the injunction had been denied in the court below, the legislature passed an act authorizing them to be granted in such cases. *Held,* not to affect the ruling in this case.

APPEAL from *Ashley* Circuit Court.

Hon. H. B. MORSE, Circuit Judge.

*Van Gilder,* for appellant.

ENGLISH, C. J.   This was a bill to enjoin the collection of a district school tax.

The bill was filed by Joseph T. Murphy for himself and other tax payers of school district No. 20, against Jackson P. Harbison, tax collector of Ashley county.

The bill alleges, in substance, that on the 14th of August, 1870, J. F. Harville, trustee of said school district, filed in the office of the clerk of the county court of Ashley county, what purported to be an estimate of the necessary expenses of main-

taining a public school in said district for three months, during the year 187—; a certified copy of which report is made an exhibit to the bill.

That said report showed on its face that it was an estimate of expenses incurred in 1869, making the sum of $459.80; that there was added to this the sum of $459.80, as an estimate for the year 1870, both amounting to $919.60; that at a special term of the county court of said county on the 9th of September, 1870, the court ordered a tax of five per cent. to be levied on the taxable property of said school district No. 20, to raise said sum of $919.60; that plaintiff was an inhabitant of the district and the owner of taxable property, real and personal, in the district, of the assessed value of $2,015.00; that his school tax, levied at the rate of five per cent. would amount to $100.75; that the said tax was illegal, unjust and oppressive; that the defendant Harbison was the tax collector for Ashley county, and was about to collect said tax of five per cent. so levied upon the taxable property of said school district, and would proceed to enforce the collection thereof if not restrained; that plaintiff was otherwise remediless in the premises, and that unless defendant was restrained from collecting said tax, great and irreparable injury would be done to plaintiff and other tax payers of said school district. Prayer for a temporary restraining order, etc., and that on final hearing, it be made perpetual.

A transcript from the record of the county court of Ashley county was made an exhibit to the bill, from which it appears that on the 20th of August, 1870, J. F. Harville, trustee of school district No. 20, addressed a written report to the court, in which he estimated the necessary expenses of maintaining the public schools of said district for three months during the year ending September 30, 1869, at $459.80, and a like amount for the year ending September 30, 1870, and asking

the court to levy a tax upon the taxable property of the district sufficient to raise that amount.

The transcript also shows that at a special term of the county court, held September 9, 1870, the following order was made.

"School District No. 20: Ordered by the court, that five per cent. be, and is hereby, levied upon the taxable property of school district number twenty, for school purposes."

The bill was filed on January 23, 1871, and a temporary restraining order made by the probate judge.

At the April term, 1871, of the circuit court, the defendant filed a demurrer to the bill, which was sustained at the October term following, and the bill dismissed for want of equity, and the plaintiff appealed.

I. The common school act of July 23, 1868 (Acts of 1868, p. 163), which was in force when the tax in question was levied, makes, in substance, the following provisions:

That each county shall be divided into school districts, for the purpose of establishing and maintaining schools, etc. Sec. 13.

That each school district shall be a body corporate, by the name and style of School District No. —, etc., and as such may contract, etc., sue, etc., and hold title to lands and other property, etc. Secs. 14, 15.

That the electors of each organized school district shall annually, on the third Saturday of December, hold a public meeting, to be designated the annual school meeting. Sec. 18.

That the electors of any school district, when lawfully assembled in a district school meeting, with not less than five electors present, shall have power, by a majority of the votes cast at such meeting, etc.

*Fourth.* To elect a trustee, etc.

*Seventh.* To determine what amount of money shall be

raised by tax on the taxable property of the district, sufficient, with the public school revenues apportioned to the district, to defray the expenses of a school for three months, or for any greater time they may determine to have a school taught during the year. Sec. 20.

That all taxes voted for school purposes, by any school district, shall be levied by the county court at the same time county taxes are levied, and collected in the same manner, at the same time, and by the same person, as county taxes are collected, etc. Sec. 21.

That the trustee (of each district) shall submit to the district, at the annual meeting, an estimate of the expenses of the district for that year, including the expenses of a school for the term of three months, etc. Sec. 31.

That in case the district, at the annual meeting, *fail to provide* for a school to be taught at least three months during that year, and to provide for fuel, etc., etc., the trustee shall immediately forward to the county clerk an est mate of the necessary expenses for a school of three months, etc., etc.; and a tax for the amount of such estimate shall be levied in the district by the county court, at the same time that county taxes are levied, etc. Sec. 32.

From these provisions of the act, it will be seen that the county court had power to levy taxes voted for school purposes by the electors of any school district. Sec. 21.

Or in case the electors, at their annual meeting, fail to provide for a school, etc., then, on the report of the trustee, the county court had power to levy the requisite amount on the property of the district, etc. Sec. 32.

In the transcript of the record of the county court, made an exhibit to the bill, the facts necessary to give the county court jurisdiction to levy the tax in question are not shown.

. If the electors failed to make provisions for a school, the

trustee should have reported that fact with his estimate of the requisite amount, and the county court could have made the levy. *County Court of Union County v. Robinson, Trustee,* 27 Ark., 116.

On the face of the record before us, the county court had no jurisdiction to levy the five per cent. tax complained of, and it might have been quashed by the circuit court on *certiorari.*

II. We have carefully examined the provisions of the act of July 23, 1868, to see if the county court could, in any case, levy a school district tax of five per cent. Such a tax for a single purpose, if not for all public purposes, being enormous, but we find in the act no limitation as to the maximum amount that might have been voted by the electors (though but five attended the school meeting), or levied by the county court.

By sec. 146 of the act of March 25, 1871, the county courts were authorized to levy for school purposes, in any district (other than cities and towns, etc.), such rate as might be determined upon by the qualified electors of the district, etc., not to exceed five mills on the dollar, but this act had not been passed when the tax in question was levied.

Sec. 47, art. V, Const. of 1868, provides that the general assembly shall not have power to authorize any municipal corporation to pass any laws contrary to the general laws of the state, or to levy any tax on real or personal property to a greater extent than two per centum of the assessed value of the same. See also sec. 49, same article.

Whether the words " municipal corporation," as they occur in this section, were used in a restricted sense, and apply only to incorporated cities, etc., or in a more general sense, and embrace incorporated school districts, such as were provided for by the act of July 23, 1868, we need not decide in this case.

See 2 Bouv. L. D., Munic. Corp.; Dillon Munic. Corp., sec. 9, etc.; Angel & Ames on Corp., sec. 24; *The Inhabitants of 4th School District*, 13 Mass., 192.

III. The bill sought to enjoin the collection of the tax on the ground merely that it was illegally levied by the county court. True, there is a general averment in the bill that the appellant was otherwise remediless, but it appears of record that it was a single tax, levied for one specific purpose — to maintain a district school — that the county court which made the levy had not such facts before it as to give it jurisdiction to make the levy; and it is manifest that the circuit court, on *certiorari*, could have quashed the whole levy. The appellant having a plain and simple remedy in a court of law, and averring in his bill no such facts as to bring the case within any of the established subjects of equity jurisdiction, the court below, according to the decision of this court in *Floyd v. Gilbreath et al.*, 27 Ark., 676, properly sustained a demurrer to the bill.

There was a dissenting opinion in that case, but we are not disposed to review the decision in the case now before us, because an act was passed shortly after the decision was made which was intended, perhaps, to settle the mooted question of jurisdiction. It provides that: "The judge of the circuit court may grant injunctions and restraining orders in all cases of illegal or unauthorized taxes and assessments by county, city or other local tribunals, boards or officers." Gantt's Dig., p. 650, sec. 3451.

But the statute having been passed after the decision in the court below, in this case, the decree must be affirmed.