OLIVER, Sheriff and Collector vs. MEMPHIS & L. R. R. Co.

1. TAXATION: *Exemption from irrepealable.*

The provisions of the charter of the Memphis & Little Rock Railroad Company exempting its property from taxation could not be repealed by a subsequent Legislature or Constitutional Convention.

2. EQUITY JURISDICTION: *To restrain illegal taxes.*
 A court of equity will not restrain the collection of an illegal tax unless irreparable injury would otherwise ensue. ( This cause came up before the passage of the act of—1873 Rep.)

APPEAL from *Pulaski* Chancery Court.

Hon. T. D. W. YONLEY, Chancellor.

*Montgomery & Warwick,* for appellant.

*Clark & Williams,* for appellees.

The act of 11th January, 1853, exempting the road from taxation was not repealed, and could not be, constitutionally; reference made to the Chancellor's opinion, and authorities therein cited. *State of Arkansas* v. *County Court of Crittenden County,* 19 Ark., p. 360-72, and cases cited; *Tomlinson* v. *Branch,* 15 Wallace, 460, which shows that this exemption passes to a new company. See also *Jessup* v. *Tomlinson* ib., 454; *Humphries* v. *Pegues,* 16 Wallace, 244; *Pacific R. R.* v. *Maguire,* 20 Wallace 36.

HARRISON, J.:

This was a suit in the Pulaski Chancery Court, by the Memphis and Little Rock Railroad Company against William S. Oliver, Collector of Taxes of Pulaski County, to enjoin the collection of State and County taxes for the year 1869, on its road, work-shops, warehouses, cars, etc.,

The plaintiff was incorporated by a public act of the Legislature on the 11th day of January, 1853, the 28th section of which. act is as follows :

"The capital stock of said company shall be exempt from taxation until the road pays a dividend of six per cent., and the road with all its fixtures and appurtenances, including workshops, warehouses and vehicles of transportation shall be exempt from taxation for the period of twenty years from and after the completion of said road."

*Vol. xxx.—9.*

The complainant alleged that the road had never paid any dividend, and that the road was never completed; but that although not subject to taxation, the road with its work-shops, warehouses and cars within said County, had been assessed in said year, and State and County taxes levied thereon, and the defendant had seized and was about to sell the same for said taxes.

It further alleges that the sale would stop the running of trains and the transportation of the mails, passengers and freight, over that portion of the road, and thereby destroy and ruin the business of the company, and cause irreparable injury.

The defendant demurred to the complaint, for the want of equity, and specially assigned, that the provision in the charter exempting the plaintiff from taxation, was repealed by the Constitution of 1868 and subsequent legislation.

The demurrer was overruled, and the injunction decreed.

The doctrine that a State Legislature may, when not restricted by its Constitution, exempt from taxation such property as it may deem expedient, is too well established by authority to admit of discussion, or be called in question. *Pacific Railroad Company* v. *Maguire*, 20 Wall, 36.   The Delaware Railroad Tax, 18 Wall,206; *Humphrey* v. *Peques*,16 Wall, 244; *Tomlinson* v. *Branch*, 15 Wall, 460; *Wilmington Railroad* v. *Reid*, 13 Wall, 264; *McGee* v. *Mathis*, 4 Wall, 133; *Jefferson Branch Bank* v. *Kelly*, 1 Bench, 436; *Ohio Life Insurance and Trust Company* v. *Debolt*, 16 How., 416; *Philadelphia and Wilmington Railroad Company* v. *Maryland*, 10 How., 376; *State* v. *County Court of Crittende County*, 19 Ark., 360; and see also cases referred to by Mr. Justice Compton in the opinion of the court in the case just cited.

It is equally well settled, that a provision in the charter of a railroad company, exempting its property from taxation, whether for a period of years, or forever, is a contract, and as such inviolable by any attempt by the State to repeal or revoke the

exemption. *Pacific Railroad Company* v. *McGuire*, 20 Wall, 36 ; *Humphries* v. *Pegues*, 16 Wall, 244 ; *Wilmington Railroad* v. *Reid*, 13 Wall, 264.

In the last cited case, the Supreme Court of the United States says: " It has been so often decided by this court, that a charter of incorporation granted by a State, creates a contract between the State and the corporation, which the State cannot violate, that it would be a work of supererogation to repeat the reasons on which the argument is founded," and the same court, *White* v. *Hart*, 13 Wall, 646, has directly held that " a State can no more impair the obligations of a contract by adopting a Constitution than by passing a law," and so has this court, in the case of *Jacoway, adm'r,* v. *Denton,* 25 Ark., 625.

Whether the Constitution of 1868, in force when this assessment was made, admitted of the construction assumed by the demurrer we need not consider,

The illegality of the taxes alone could not give the court jurisdiction to restrain the sale, but the sale of the road would most probably, if not necessarily, result in the stoppage of its trains and the suspension of its business for an indefinite time, and until the company could regain possession ; an injury which, because the actual damages by reason of their uncertain nature, could not be ascertained, would be irreparable, and to prevent which it was the duty of the court to interpose by injunction. The defendant's demurrer was rightly overruled.

There is no error in the decree and it is accordingly affirmed.