## JACKS & Co. v. BIGHAM.

EXEMPTION: *Not precluded by giving delivery bond: Injunction.*

The giving of a delivery bond by an execution debtor, does not prevent or estop him from scheduling the property and suspending the sale; but equity will not enjoin the sale of it under an execution on the delivery bond, because the owner may have an adequate remedy at law for the injury done him by the sale. Where the remedy at law is adequate, equity will not interfere to enjoin the sale of personal property.

APPEAL from *Lee* Circuit Court in Chancery.
Hon. J. N. CYPERT, Circuit Judge.

*U. M. Rose* and *Monroe Anderson*, for appellants:

Cited manuscript opinion as to novation of Little Rock city bonds.

The delivery bond, a new and independent contract, governed by the law in force when made. 96 *U. S.*, 601; 31 *Ark.*, 294.

Sheriff's return conclusive evidence of breach, which can not be collaterally impeached. 11 *Ark.*, 573; 14 *ib.*, 569; 19 *ib.*, 297; 20 *Ark.*, 93.

Improper execution no defense. 2 *Ark.*, 93. Here the levy was lawful on which bond was given. See 17 *Mo.*, 555; 15 *Mo.*, 73; 3 *Hill*, 215; 15 *Pick.*, 40; and *Arkansas* cases 10—501; 12—744; 11—686; 19—319.

31—36

*George H. Sanders*, for appellee:

*Gantt's Digest*, secs. 2658 and 2671; *Act of March* 9, 1877.

Analogous to plea in abatement, after dissolving bond in attachment. 5 *Ark.*, 437; 26 *ib.*, 662; case of *Lehman v. Berdin, Cent. Law Jour.*, vol. 7, *p.* 269. *Gantt's Digest, sec.* 2671, allows the sheriff to leave property, on claim made, in possession of the person with whom found.

HARRISON, J.   T. M. Jacks & Co., on the seventeenth day of January, 1876, recovered in the court of common pleas, against Jonas Miller and Henry Ingraham, upon a debt created before the adoption of the present constitution, a judgment for the sum of $165.50, with interest thereon until paid, at the rate of two and a half per cent. per month and costs.

An execution was sued out on the eleventh day of February, 1879, against Miller only—Ingraham being then, as it seems, dead—which was levied on personal property, and, on the twenty-seventh day of March, 1879, he gave a delivery or forthcoming bond, with V. C. Bigham as surety therein, and the possession of the property was returned to him.

On the ninth day of April, 1879, he filed with the clerk a schedule of property which he claimed to be exempt from the execution, amounting, in value, to $1,620.75, including a part of that levied on, and a supersedeas was issued to the sheriff and the sale stayed.

On the same day, W. S. Brooks claimed, before the sheriff, the remainder of the property levied on, and gave bond as such claimant, as required by the statute. The property was not delivered to the sheriff, and he returned the execution unsatisfied, and with it the delivery bond and the claimant's bond; and, on the fourteenth

day of April, 1879, an execution was issued against Miller and Bigham on the delivery bond, which was levied by the sheriff on the same property, and also on the property belonging to Bigham.

Miller and Bigham filed their complaint in equity against T. M. Jacks & Co. to enjoin the sale, and an interlocutory injunction was granted.

The defendants demurred to the complaint as showing no cause of action, which demurrer the court overruled. They then filed an answer, to which the plaintiff demurred. The answer admitted the allegations of the complaint, and merely denied and asserted inferences from them, and set up no matter of defense. The court, however, sustained the demurrer to the answer, and decreed that the sale of the property levied on be perpetually enjoined.

The defendants appealed.

The giving of the delivery bond did not preclude or estop Miller from claiming his exemption. He had until the sale to do so, and he might have delivered the property and then filed his schedule and superseded the sale; and what difference could it make that the sale was already superseded when the property was delivered. As the sheriff could not sell it, and would have been required to return it to Miller if it had been delivered, it would have effected nothing nor answered any purpose whatever. The law forces no one to do a vain or useless thing. *Thomp. on Homesteads and Exemptions, sec. 840; Freem. Ex., sec. 214; Atkinson v. Gatcher, 23 Ark., 104; Eltzroth v. Webster, 15 Ind., 21; Jordan v. Aubrey, 10 Ala., 276 ; Perry v. Hensley, 14 B. Mon., 474.*

And, if the property not embraced in the schedule had been delivered, the sale of it was stayed by the claim of Brooks.

EXEMP-TION: Not precluded by giving delivery bond for the property.

No injunction against the sale of personal property where remedy at law.

But a court of equity will not interpose to prevent a sale of personal property, where the party may, for the injury done him by it, have an adequate remedy at law. *Lovette and wife v. Longmire, 14 Ark., 339; Sanders v. Sanders, 20 Ark., 610; Murphy v. Harbison, 29 Ark., 340; Oliver v. Memphis & Little Rock R. R. Co., 30 Ark., 128.*

And, as the court from which the execution issued has control of its processes, it might have quashed the execution; or, after the sale, have set it aside; or possession of the property sold, or damages for its conversion, might have been recovered by an action at law.

There was for the reason just stated no equity or cause of action shown in the complaint, and the demurrer to it should have been sustained.

The decree is reversed.