## JENNINGS v. McILROY.

EXECUTION:  *Mortgaged personalty not subject to.*

Mortgaged personal property is not subject to attachment or execution for a debt of the mortgagor, and a tender of the mortgage debt by an attaching creditor after the levy of his attachment on the property, will not cure the illegal levy.

APPEAL from *Washington* Circuit Court.
Hon. J. H. BERRY, Circuit Judge.

*B. R. Davidson* for appellant.

An equity of redemption in personal property is subject to levy and sale under execution. *Herman Chattel Mortgages, pp. 389, 443, 445, 455, 452, 454, 456, 458, 459, 460; Herman on Executions, p. 150, sec. 118, note 4; Freeman on Executions, sec. 117 and note.*

Jennings v. McIlroy.

By the act of the Legislature (*Acts of 1877, p. 82*), in the *absence* of stipulations to the contrary, the mortgagee took the legal title and possession. In the mortgage in question it was stipulated to the contrary, and Fisher held possession.

There are authorities that say that an equity of redemption in personal property is not subject to execution. These authorities also say that the mortgagor can not redeem at *law.* That the mortgagee's title becomes *absolute* after default, and can only be redeemed by bill in equity.

It has been uniformly held that when *possession* is retained by the mortgagor, he has an interest subject to execution or attachment. *Herman Chattel Mortgages, p. 455, sec. 192; Hull v. Carnley, 11 N. Y., p. 501, 505, and a host of authorities cited; Hull v. Carney, 17 N. Y., 202; Gonlet v. Asseler, 22 N. Y., 225; Manning v. Monaghan, 28 N. Y., 585; Herman Executions, p. 150; Freeman Executions, sec. 117, and cases cited; Hall v. Sampson, 35 N. Y., 274; Harbison v. Harrell, 19 Ala., 753; Merritt v. Niles, 25 Ill., 282; Saxton v. Williams, 15 Wis., 292.*

While personal property remains with the mortgagor his interest is subject to attachment. *Hanvill v. Gillespie, 48 N. Y., 556; Simmons v. Jenkins, 76 Ill., 479.*

But whether subject to execution or not it is to attachment. *14 Ohio St., 457; Gantt's Dig., secs. 392, 399, 414, 400; 4 Met. (Ky.), 285.*

An attaching creditor has an unquestioned right to redeem. *Carter v. Fenstemaker, 14 Ohio St., 463; Herman Chattel Mortgages, pp. 358, 363, 470; Gardner v. Emmerson, 40 Ill., 296; Lucking v. Wesson, 25 Mich., 443; Treatt v. Gilmore, 49 Me., 34; Landers v. George, 49 Ind., 309.*

May redeem as soon as his attachment becomes a lien. (*Jones Chattel Mortgages, p. 691.*)    The levy a lien. *Freel-*

*son v. Green, 19 Ark., 377; Patterson v. Hanland, 12 Ark., 164; Drake on Attachment, sec. 224.*

The payment or tender of payment discharged the lien of Crane, Breed & Co. *Herman Chattel Mortgages, p. 462, sec. 194, p. 469, 404; Caruthers v. Humphreys, 12 Mich., 270; Hartley v. Tatham, 26 Howard, Pr., 158; Jackson v. Crafts, 18 Johnson, 110; Farmers & Co. v. Edwards, 26 Wendel, 541; Vanhousan v. Kanouse, 13 Mich., 303; Moynahan v. Moore, 9 Mich., 9.*

And the title was re-invested in the mortgagor. *Jones Chattel Mortgages, sec. 566; Greer v. Turner, 36 Ark., 18; Chearff v. Dodge, 33 Ark., 340; Wells et al. v. Rice et al., 34 Ark., 347.*

It is now well settled that after payment, or tender and refusal, a mortgagor may sue at *law* and recover possession. *Herman Chattel Mortgages, pp. 465, 468, 469; Fuller v. Parish, 3 Mich., 211.*

*S. R. Cockrill* for appellee.

At and before the attachment and condemnation and sale of the hearse, the mortgage was over-due, and Fisher, the mortgagor, had no interest subject to sale, or even to seizure under attachment. *Drake on Attachment, sec. 245, 538–9; Rover on Judicial Sales, 1st ed., secs. 981, 985; Hilliard on Mortgages, 1st ed., vol. 2, pp. 347, 353, 377, 426–7–8 9 (note c.), 432, 478; Herman on Executions, pp. 150–4; Freeman on Executions, sec. 116, 117, 191; Wait's Actions & Defenses, vol. 6, pp. 751–2; 18 Ark., 508; Turner v. Watkins, 31 Ark., 429.*

Equitable interests in chattels were not subject to sale on execution at common law, and if subject now, must be by statute. *Rover on Jud. & Ex. Sales, sec. 551; 31 Ark., 452, Dissenting Op. English, C. J.*

There is no such statute.

Appellant's remedy was by garnishment or bill in equity.

Jennings v. McIlroy.

EAKIN, J. This is an action in replevin, brought by appellant to recover a certain hearse from the appellee. The plaintiff relied upon a purchase at a sale under an attachment from a justice of the peace, at his suit against one Fisher, the former owner. The defendant claimed to hold it as the assignee of a mortgage upon it, which had been given by Fisher to the original vendors of the hearse to secure certain notes for the purchase money. At the time the attachment was levied Fisher was in possession, and the last of the purchase notes was not due. It became due, however, before the day of sale, and McIlroy had got the control of the hearse. On the day of sale, and before it took place, default having been made in the payment of the note held by McIlroy, Jennings tendered him the money in full, which was refused. He still offers to pay it, and tenders it in court.

The cause, on issues properly made as to the respective rights of the parties, was submitted to the circuit judge upon the law and the facts. He found for defendant, and judgment was rendered for a return of the hearse or its value, fixed at $500. After proper motions, and a bill of exceptions, plaintiff appealed.

It certainly is a case appealing strongly to our sense of justice in plaintiff's favor. If he can not succeed, it must be upon technical grounds, which this court can not ignore nor override.

There are other points in the case which would render this opinion too long to discuss. The correctness or error of the judgment below is sufficiently well determined by the solution of a single question. Has a mortgagor of personal property, whilst the mortgage debt remains unpaid, anything left subject to execution at law ? or must the remedy of the creditor, against him, be by garnishment of the surplus proceeds of a sale, or by bill in chancery

EXECUTION — Mortgaged personalty not subject to.

to compel a sale and reach the fund ?   For nothing can be taken in attachment which is not liable to execution ; and if the creditor took nothing by the attachment, he had no right to acquire property by tendering the debt.   Nor would such tender cure a void levy.

In the outset we must say that the decisions in the different States upon this point are not susceptible of harmony, on any line of distinction which will run through all.   They are at hopeless variance.   In this condition of things we can not do better than resort to common law principles, which in this regard have not been altered by statute, and to such former opinions of this court as may indicate its tendency to one or the other line, leaving it to the Legislature to prescribe any law upon the subject which it may deem advisable.

At common law equitable interests in personalty were not liable to be taken in execution at law.   As to this all agree.   By a mortgage of personal property the title passes, and the mortgagor has only the equitable right to reclaim it on payment.

" Hence," says Mr. *Drake*, "personalty so situated is not subject to sale under execution, and therefore not attachable." (See work *on Attachments, 5th ed., p. 539*.)   Also Mr. *Jones on Chattel Mortgages, sec. 555*, lays it down that "at common law a chattel pawned or mortgaged was not liable to attachment in an action against the pawner or mortgagor," which he says " was settled with great deliberation by the Kings Bench, and is supported by all the common law authorities," citing *Scott v. Scholey et al., 8 East., 467*.

It will be found upon reference to that case that all the *argumenta ab inconvenenti, pro* and *con*, for this or the contrary doctrine, are well discussed by Lord ELLENBOROUGH, who rests his decision upon the ground that the *silence*

with regard to chattel equities of the English statute which had made *lands and tenements,* or trusts on them, so liable, afforded a strong argument that the matter with regard to chattels was "meant to continue in the same plight in respect to executions, in which both freehold and leasehold trust interests equally stood prior to the passing of that statute." The case, by the way, was one of a chattel interest in land, which is not so strong as this which regards personalty. Our statute, which makes equitable interests in real estate liable to execution, is silent as to personal chattels. "It has, indeed," says Lord Ellenborough in that case, "been urged in argument as an inconvenience on the other side, if such equities of redemption in chattel interests shall be held not to be salable under an execution; that, by means of a mortgage of the largest leasehold property for the smallest sum imaginable, such property might be effectually protected and withdrawn from the legal claims of every creditor." This he answers by saying that "the inconvenience in the case put does not extend beyond the necessity which such a step would occasion, of resorting to a different remedy, to be applied in another court, upon a bill to be filed by a creditor." One of the considerations which seem to have determined the court was, that the language of the writ of execution and return imports that the goods and chattels to be taken "are properly of a *tangible* nature, capable of *manual seizure,* and of being detained in the sheriff's hands and custody; and such also as are capable, conveniently, of sale and *transfer* by the sheriff." It is very obvious that whilst a hearse, for instance, is of itself tangible enough, yet an equitable interest in it is not susceptible of manual seizure; and the sheriff would have no right to take the hearse itself and deliver it to a purchaser, if a mortgagee before or at the time of the sale had the legal right to its

possession. It would be fruitless to take it if the mortgagee, even after the sale, on default, would have the right to retake it. Its delivery in such case would be elusive.

Courts of chancery deal best with those rights which exist only in idea, and have the means of working out for those who have such equities the material results, by proceedings specially adapted to such cases. A sale under execution might be considered too trenchant a remedy in view of the rights of a mortgagee. In the absence of statutory provisions, courts of law do not recognize the duty of a purchaser of such an interest to redeem, and have not apt machinery to make him redeem or forfeit his purchase under execution sale. If the mortgagee is to be driven into equity to regain his right of possession, it might be well considered quite as equitable that the creditor should go there in the first instance. At least it has been thought that the embarrassments attending the sale of mere equities in chattels, upon execution, outweigh those of a resort to chancery.

Even in those States which have adopted the equitable idea of property in the mortgagor, and held equities of redemption in chattels subject to execution, the doctrine does not seem to have been carried further than to hold that, where the mortgagor himself has the right of possession *for a definite time*, as, for instance, till default, that the right of possession, to that extent, is the subject of levy and sale. Such doctrine would not help the plaintiff in this case. The note was due at the time of the issuance of the order of sale, though not when the attachment was levied. When the sale was made there was no right of possession left in Fisher to be transferred by it. A mere permissive possession which the mortgagee might terminate at his pleasure, could not be the subject of sale, under any line of authority. *Jones on Chattel Mortgages, sec. 556.*

Our own court, in one instance, if not more, has indicated

its adoption of the English line of authorities. (*Patterson v. Harland, 7 English, 158.*) The court in that case declared that one with whom personal property had been left as a security for an obligation, was not liable as a garnishee to have it taken by another creditor of the same debtor. That no recovery for the property or its value in that case could be had until the lien created by the pledge had been removed. This was but a dictum, it is true, but is irreconcilable with the idea that the property could have been taken by attachment. When the attachment in this case was levied the lien had not been removed, either by payment or tender, and whatever may be the case with regard to the sale, the validity of the original attachment must be determined by the conditions then existing.

We think it held nothing, and the sale under it gave no right of property. The judgment was right on the law and facts. This is sufficient to say in cases submitted to the court upon both. Declarations of law need not be considered in detail, where the result is obviously correct.

Affirmed.