BURNSIDE *v.* UNION SAWMILL COMPANY.

Opinion delivered October 25, 1909.

INJUNCTION—CUTTING TIMBER—REMEDY AT LAW.—The vendor of standing timber will not be restrained from cutting such timber at vendee's instance, in the absence of any allegation of the former's insolvency, as the remedy at law is adequate.

Appeal from Union Chancery Court; *Emon O. Mahoney,* Chancellor; reversed.

*R. L. Floyd,* for appellant.

No ground is alleged for equitable relief. No allegation of insolvency is made, and the damage, if any, is recoverable at law.

*Gaughan & Sifford,* for appellee.

FRAUENTHAL, J.   The Union Sawmill Company, which was the plaintiff below, instituted this suit against J. W. Buckner, defendant below, in December, 1908, in the Union Chancery Court, seeking to enjoin the defendant from in any manner interfering with or preventing the plaintiff or its agents from cutting and removing 100,000 feet of standing pine timber.   In its complaint it alleged that in 1906 the defendant had, by deed, sold to the George W. Miles Timber & Lumber Company the pine timber, twelve inches in diameter, standing on certain lands, and that the George W. Miles Timber & Lumber Company thereafter sold said timber to the plaintiff; that the timber involved in this suit is standing on the above lands, inside of an enclosed field containing tracts of cleared land, and that defendant claims that he did not sell the timber in such field, and further claims that plaintiff is not entitled to any timber that was less than twelve inches in diameter at the date of the deed, and refuses to permit plaintiff to cut the said timber and remove same.   It is further alleged that plaintiff will make profit out of the manufacture of the timber, which, on account of many contingencies, especially a fluctuating market, can not be ascertained in a suit for damages.

The defendant demurred to the complaint upon the grounds that it does not show that plaintiff will suffer irreparable damage, and that it does not allege the insolvency of the defendant; that it is without equity, and does not state a cause of action. The court overruled this demurrer, over defendant's objection. Upon a trial of the case, the court granted the injunction as asked for in the complaint.   The defendant has appealed to this court.

Under the allegations of the complaint in this case, the plaintiff had a full, adequate and complete remedy at law; and in such case an injunction should not be granted.   16 Am. & Eng. Ency Law (2d. Ed.) 352.

If the plaintiff became the owner of the property involved in this suit by virtue of a purchase thereof from a grantee of the defendant, and the defendant withheld possession thereof, the plaintiff has the right to sue at law for its possession, or for damages.   Where there is a failure to deliver or convey property,

the value of such property is the measure of the damages sustained; and the right to recover such damages in a suit at law would be a full and complete remedy for the wrongful withholding of such property. 13 Cyc. 168.

The complaint does not allege the insolvency of the defendant, and therefore does not show that the mischief sought to be enjoined would be remediless at law. And there was no evidence tending to show that the defendant was not perfectly solvent. This case is in this particular analogous to those cases where it is sought to enjoin the cutting of timber on land. In those cases it has been held that under rights analogous to the rights alleged in the complaint in this case an injunction would not be granted, in the absence of any allegation of the defendant's insolvency. Ex parte *Foster,* 11 Ark. 304; *Myers* v. *Hawkins,* 67 Ark. 413; *Western Tie & Timber Co.* v. *Newport Land Co.,* 75 Ark. 286; *Haggart* v. *Chapman & Dewey Land Co.,* 77 Ark. 527.

The fact that the parties place different constructions on the timber deed in regard to its various provisions would not be ground for equitable relief. A court of law can construe the deed equally as well as a court of equity. And there are no other allegations in the complaint sufficient to show that the plaintiff will suffer irreparable injury if an injunction is not granted.

It follows that the lower court erred in overruling the demurrer to the complaint. The decree of the lower court is reversed, and this cause is remanded, with directions to sustain the demurrer to the complaint, with leave to be given to the plaintiff to amend the same, if he is so advised, and to proceed not inconsistently with this opinion.