NORTHWEST ARKANSAS PRODUCTION CREDIT ASSOCIATION *v.* COURTNEY.

4-7997                                                197 S. W. 2d 296

Opinion delivered November 18, 1946.

*Vol T. Lindsey,* for appellant.
*Smith & Smith,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, Northwest Arkansas Production Credit Association, sought a permanent injunction in the chancery court against William Courtney, individually and as constable of Hico Township, Benton county, Arkansas, to restrain the sale of seven hogs levied upon by Courtney under an execution issued by a justice of the peace. The complaint alleges that the hogs were included in a chattel mortgage executed by Johnnie Goforth Palmer to appellant on November 13, 1945, to secure the payment of a note due November 13, 1946. The note and chattel mortgage were attached as exhibits to the complaint.

The complaint further alleges: "That the defendants now have and did have at the time of the levy and seizure of said property knowledge that the plaintiff held a valid chattel mortgage against said property and notwithstanding said fact and knowledge said defendants, either as constable of Hico Township or as an individual, has seized seven head of said hogs as aforesaid, which are a part of the chattel mortgage and has advertised same for sale at public sale and will sell same at public sale on the 19th day of December, at Siloam Springs, Arkansas, unless restrained and enjoined from so doing and will produce great or irreparable injury to the plaintiff in violation of the plaintiff's rights and intefere with the security of plaintiff in said mortgage and in direct violation of the laws as made and provided by the State of Arkansas."

In the absence of the circuit and chancery judges from Benton county, the county court on December 18, 1945, issued a temporary restraining order upon filing of the complaint and execution of a bond in the sum of $100. Appellee filed a demurrer and motion to dismiss, alleging that the complaint shows on its face that appellant has a complete and adequate remedy at law, and that the facts set forth in the complaint were insufficient to entitle appellant to the relief sought. The chancery court sustained the demurrer of appellee. Appellant declined to plead further and the temporary restraining

order was dissolved and the complaint dismissed for want of jurisdiction.

As stated in appellant's brief: "There is only one issue in this case and that is whether, upon the complaint and exhibits thereto, the chancery court had jurisdiction to grant the relief prayed for."

The rule supported by the authorities generally is stated in 33 C. J. S. Executions, § 152, p. 359, as follows: "Ordinarily equity will not enjoin the sale of the personal property of complainant under an execution against another, unless such property has a special value, rendering compensation in damages impossible, or the consequential damages would result in great injustice, or the claim of one party involves or depends on some equitable interest or feature. Complainant should resort to the remedy given him at law by replevin, or detinue, or interpleader, or sue the officer in trespass, or proceed by affidavit and bond to try the right of property."

It seems to be recognized generally that equity will not interfere by injunction to prevent a sale of personal property on execution where there is a plain and adequate remedy at law. 30 L. R. A. 134; 33 C. J. S., Executions, § 151, p. 349. Our own decisions are committed to the rule that an injunction will not lie to restrain the sale of chattels under execution unless it is shown that damage will result to the plaintiff which is not fully remediable at law.

In the case of *Scanland, Ad., et al.* v. *Mixer,* 34 Ark. 354, an execution was issued upon a judgment by a justice of the peace after an appeal had been taken. The execution debtor obtained a temporary order restraining the plaintiff and the constable from proceeding with the execution. A demurrer to the complaint was overruled and upon a hearing the injunction was made perpetual. Although this court on appeal declared the execution unlawful, it was said in the opinion: "Courts of chancery do not sit, however, to correct even the grossest errors of inferior courts. There must be some special element of equity jurisdiction to justify an inter-

ference—some impending mischief otherwise irremediable, some want, or peculiar obstruction, of legal redress."

An injunction to restrain the sale of personal property taken on execution by a sheriff was sought in the case of *Jacks & Company* v. *Bigham,* 36 Ark. 481. The trial court in that case permanently enjoined the sale under the execution. On appeal the decree was reversed and this court said:

"But a court of equity will not interpose to prevent a sale of personal property, where the party may, for the injury done him by it, have an adequate remedy at law. *Lovette and Wife* v. *Longmire,* 14 Ark. 339; *Murphy* v. *Harbison,* 29 Ark. 340; *Oliver* v. *Memphis & Little Rock R. R. Co.,* 30 Ark. 128.

"And, as the court from which the execution issued has control of its processes, it might have quashed the execution; or, after the sale, have set it aside; or possession of the property sold, or damages for its conversion, might have been recovered by an action at law.

"There was for the reason just stated no equity or cause of action shown in the complaint, and the demurrer to it should have been sustained."

The case of *Stillwell, Sheriff, et al.* v. *Oliver,* 35 Ark. 184 involved a suit to restrain the sale of personal property under an execution issued against the mortgagor. It was there held that a bill in equity will not lie to restrain the sale of personal property under execution, unless it shows that some damage will result to the plaintiff not fully remediable at law. The court said:

"Subject to the lien of the mortgage, the property continued to belong to the mortgagor, and whether or not his interest in it, whilst accompanied by possession, was subject to seizure and sale under execution, it is clear that such sale would not divest the mortgagee's title, or *right* of possession; which would be as effective at law against the purchaser as it was against the mortgagor, whose interest the purchaser would take, and there is no

occasion for equitable interference, unless it be shown that some damage would result to the mortgagee, not fully remediable at law." See, also, *Burnside* v. *Union Sawmill Company,* 92 Ark. 118, 122 S. W. 98.

Appellant relies on the cases of *Jennings* v. *McIlroy,* 42 Ark. 236, 48 Am. Rep. 61, and *Erdman* v. *Erdman,* 109 Ark. 151, 159 S. W. 201, where it was held that mortgaged personal property is not subject to attachment or execution for a debt of the mortgagor. The complaint in the instant case does not allege that the execution which is sought to be restrained was issued for a debt of the mortgagor, Johnnie Goforth Palmer. The case of *Jennings* v. *McIlroy, supra,* was an action in replevin and is also authority for the proposition that a mortgagee is in the same position as any other owner of the legal title to property.

The complaint alleges that appellant will suffer irreparable injury unless the execution sale is enjoined, but appellant does not allege, nor do the facts stated in the complaint show, that it did not have a complete and adequate remedy at law. Although appellant's debt was not due, the mortgage contains the usual acceleration clauses which give the mortgagee the right to take possession of the chattels, or foreclose the mortgage, at any time it deems the debt unsafe or the security depreciated. Appellant did not ask for foreclosure of the mortgage in the chancery court and has an adequate remedy at law for possession of the property.

Since appellant had a complete and adequate remedy at law for the relief sought in its complaint, the trial court correctly sustained the demurrer and motion to dismiss.

The decree is **affirmed.**