## CITIZENS BANK of LAVACA *v.* PERRIN & SONS, Inc.

5-6104                                    488 S.W. 2d 14

Opinion delivered December 18, 1972
[Rehearing denied January 8, 1973.]

*Daily, West, Core & Coffman,* for appellant.

*Robert E. Hornberger* and *Shaw & Ledbetter,* for appellees.

George Rose Smith, Justice. The appellant, Citizens Bank of Lavaca, seeking to collect an unsecured $400 debt owed to it by James Ray Smith, obtained judgment against Smith in the Sebastian circuit court and attached a used tractor owned by the judgment debtor. At the ensuing attachment sale the tractor was bought by a third person, Carl Triplett, for $700. The bank satisfied its judgment from the proceeds of sale and deposited the surplus with the sheriff for the benefit of the judgment debtor.

Unknown to the bank, Smith's title to the tractor was subject to a $1,561.44 lien in favor of the appellee, Perrin

& Sons, Inc. Several months earlier Perrin had sold the tractor to Smith and had perfected its lien for the unpaid purchase price by taking a security agreement and filing a financing statement in compliance with the Uniform Commercial Code. When Perrin learned of the attachment sale it brought this action for conversion against the bank and Smith. The trial court sustained the plaintiff's theory of conversion and entered judgment against the bank for the amount of Perrin's lien.

The pivotal issue is whether the bank's conduct amounted to a conversion of the tractor. Before the U.C.C. was adopted one who bought mortgaged personalty without the mortgagee's consent was liable for conversion. *May Way Mills* v. *Jerpe Dairy Products Corp.*, 202 Ark. 397, 150 S.W. 2d 615 (1941). Similarly, the debtor's interest in mortgaged personalty was not subject to sale by attachment or execution. *Erdman* v. *Erdman*, 109 Ark. 151, 159 S.W. 201 (1913); *Maxey* v. *Cooper*, 94 Ark. 296, 126 S.W. 2d 842 (1910).

Such restrictions upon the alienability of encumbered personal property were abrogated by the U.C.C., which provides: "The debtor's rights in collateral may be voluntarily or involuntarily transferred (by way of sale, creation of a security interest, attachment, levy, garnishment or other judicial process) notwithstanding a provision in the security agreement prohibiting any transfer or making the transfer constitute a default." Ark. Stat. Ann. § 85-9-311 (Add. 1961). The Committee's Comment is especially applicable in Arkansas: "Some jurisdictions have held that when a mortgagee or conditional seller has 'title' to the collateral, creditors may not proceed against the mortgagor's or vendee's interest by levy, attachment or other judicial process. This Section changes those rules by providing that in all security interests the debtor's interest in the collateral remains subject to claims of creditors who take appropriate action."

Thus under the U.C.C. the bank's action in merely causing the encumbered tractor to be sold under attachment was not in itself wrongful. We point out that the

bare sale of the property was not a conversion in fact, such as there was in U.C.C. cases involving the transportation of a car to another state, where title was registered in the name of an innocent purchaser, *First Nat. Bank of Bay Shore* v. *Stamper,* 93 N.J. Super. 150, 225 A. 2d 162 (1969), or the sale of commodities subject to processing, such as slaughtered chickens or raw peanuts. *United States* v. *Mc-Clesky Mills,* 5th Cir., 409 F. 2d 1216 (1969); *United States* v. *Pete Brown Enterprises,* 328 F. Supp. 600 (D.C. Miss., 1971). As far as this record shows, the tractor, in the hands of the attachment vendee, was as fully accessible to Perrin as it would have been if Smith had sold it directly to that vendee, as he had a right to do.

We need not discuss at length the appellee's other arguments. Perrin was not entitled, under § 85-9-504 (3), to notice of the proposed attachment sale, because Chapter 9 of the Code, governing secured transactions, does not apply to attachment sales pursuant to a judgment. Sections 85-9-102 (2) and 85-9-104 (h). Nor were Perrin's rights in the tractor destroyed, under § 85-9-504 (4), by the attachment sale, for that section relates to the discharge of subordinate liens when property is sold under the Code.

The controlling salient fact in this litigation is that Perrin's right to enforce its lien against the tractor was in no way adversely affected by the attachment sale to Triplett. Consequently Perrin has no basis for claiming damages from the bank.

Reversed and dismissed.